UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-124(18)(JMR/AJB)
05-CV-2585(JMR)

United States of America        )
                                )
            v.                  )           ORDER
                                )
Angelica Barajas-Ramirez        )


    Angelica Barajas-Ramirez petitions the Court for relief under

28 U.S.C. § 2255.  Her petition is denied.

I.  Background

    On February 19, 1998, petitioner was charged by indictment

with four counts of drug trafficking activities in a multi-

defendant drug conspiracy.  In Count One, Ms. Barajas-Ramirez was

charged with conspiracy to distribute and to posses with intent to

distribute in excess of 10 pounds of methamphetamine, and in excess

of 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A); in Count Five she was charged with possession with

intent to distribute in excess of 10 pounds of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); in Count

Twelve she was charged with use of a communication facility to

further a drug felony, in violation of 21 U.S.C. § 843(b) and 18

U.S.C. § 2; and in Count Thirteen she was charged with conspiracy

to launder money obtained from unlawful activity, in violation of

18 U.S.C. §§ 1956(a)(1)(B) and 1956(h).

    Petitioner scheduled a change of plea hearing for October 7,

2003.  She was expected to plead guilty to Count Twelve, which

carries a maximum sentence of four years.  The remaining Counts were to be dismissed pendent on her plea.  The change of plea did not go as planned, however, in that petitioner refused to admit she knew her telephone conversations furthered a drug crime.  In the absence of an admission of guilt, the Court rejected her guilty plea and continued the hearing to the next day.  Later that morning, petitioner's counsel notified the Court that petitioner would proceed to trial.

On December 11, 2003, following a three-day jury trial, petitioner was convicted of conspiracy to distribute and to posses with intent to distribute both methamphetamine and cocaine; possession with intent to distribute methamphetamine; and conspiracy to launder money obtained from unlawful activity.  On December 1, 2004, petitioner was sentenced to 84 months imprisonment.  At sentencing, the Court informed petitioner of her right to appeal her conviction and sentence, but petitioner failed to appeal.

Petitioner's § 2255 motion claims she suffered violations of the Sixth and Eighth Amendments based on her ineffective assistance of counsel.  She claims her trial lawyer failed to object to the drug quantity contained in the Presentence Investigation Report ("PSR"), and failed to adequately advise her of the relative advantages of accepting a plea bargain.  Petitioner also claims her sentence is unconstitutional under United States v. Booker, 543

U.S. 220 (2005).  Finally, she claims her attorney's failure to inform her of the consequences of proceeding to trial renders her seven-year sentence cruel and unusual punishment under the Eighth Amendment.  Each claim fails.

## II.  Discussion

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail, petitioner must show:  (1) that counsel's representation fell below an objective standard of reasonableness, Id. at 688; and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

### A.  Presentence Investigation Report

Petitioner claims her attorney's assistance was ineffective in failing to object to the drug quantity in the PSR.  Setting aside the fact that petitioner cites no evidence to contradict the facts detailed in the PSR, she fails to show how a lower drug quantity would alter her sentence.  Under the Federal Sentencing Guidelines, a defendant's base offense level in a drug conspiracy case is based on the drug quantity, which includes "all transactions engaged in by [the defendant] or by [her] coconspirators . . . if the transactions were either known to [her] or reasonably foreseeable to [her]."  United States v. Negron, 967 F.2d 68, 72 (7th Cir. 1992).  The sentencing court is "required to find by a

preponderance of the evidence that the activity involving those drugs was in furtherance of the conspiracy." United States v. Mickelson, 378 F.3d 810, 822 (8th Cir. 2004).

The PSR attributed ten pounds of a methamphetamine mixture and approximately 2.9 kilograms of pure methamphetamine to petitioner for purposes of setting a base offense level. Based on the evidence presented at trial, as well as the witness and co-conspirator statements contained in the PSR, the Court found the drug quantity contained in the PSR attributable to petitioner by a preponderance of the evidence. Under the Sentencing Guidelines in effect at the time of petitioner's sentencing, that drug quantity resulted in a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (Nov. 2003).

The jury found petitioner guilty of conspiring to distribute in excess of 10 pounds of methamphetamine, and of aiding and abetting in the possession with intent to distribute the same quantity of methamphetamine. Thus, the minimum drug quantity the Court could have found consistent with the jury verdict would have been 10 pounds of methamphetamine, for which the base offense level is 34. U.S.S.G. § 2D1.1(c)(3). Notwithstanding this drug quantity, however, the Guidelines capped petitioner's base offense level at 30 due to her minor or minimal role in the offense. U.S.S.G. § 2D1.1(a)(3). This means that petitioner's base offense level was actually set lower than the level which was supported by

4

her offense of conviction – an offense of which she was found guilty beyond a reasonable doubt.  Thus, even assuming petitioner's counsel had objected to the PSR's drug quantity, counsel's objection could not have changed the outcome of the case; petitioner's offense level would remain at 30.[1]

After a two-level reduction for acceptance of responsibility, petitioner's adjusted offense level was 28, corresponding to a 78 to 87 month sentencing range.  She was ultimately sentenced to 84 months -- the middle of the range.  Petitioner has failed to show any prejudice as a result of her attorney's actions; accordingly, this claim cannot be sustained.

B.  <u>Proceeding to Trial</u>

The bulk of petitioner's argument rests on her claim that her trial counsel was ineffective for failing to advise her of the consequences of being convicted at trial.  "When the defendant's claim is that counsel misadvised [her] of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for [her] counsel's advice, [s]he would have accepted the plea.'"  <u>Sanders v.</u>

---

[1]Petitioner's offense level was ultimately driven by her conviction on the money laundering count.  That count established a base offense level premised on the "offense level for the underlying offense from which the laundered funds were derived" – in petitioner's case, the drug activities.  U.S.S.G. § 2S1.1(a)(1).

United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 236, 241 (8th Cir. 1995)).

Here, petitioner's counsel negotiated a favorable plea agreement for her which would have limited her sentence to four years.  As part of the agreement, she would have been required to testify to the essential elements of the crime, including the fact that she knew her phone conversations facilitated the commission of a drug crime.  But petitioner refused to admit guilt.  During the plea colloquy, she repeatedly claimed she did not know the money she spoke about over the phone derived from drug proceeds until "in the end, after everything that happened had already happened." (Plea Tr. at 22.)  The Court declined to accept her plea based on her refusal to admit her guilt.  Petitioner's self-serving, post-conviction assertion – that she would have pleaded guilty were it not for her counsel's advice – is insufficient to establish a "reasonable probability" that she would have accepted the plea agreement.  See Engelen, 68 F.3d at 241.  The record is clear: petitioner was given an opportunity to plead guilty, and she failed to do so.

Petitioner's claim that her counsel was ineffective for trying her case when she blatantly refused to cooperate with the plea agreement rings hollow; it is entirely proper for counsel to try a case where the defendant refuses to admit participation in illegal activities.  This claim must also fail.

6

C.  Booker Claim

Petitioner next asserts that the Court's finding regarding the applicable drug quantity by a preponderance of evidence standard was unconstitutional under United States v. Booker, 543 U.S. 220 (2005), which held that all sentencing factors must be proven beyond a reasonable doubt.  It is clear, as set forth above, that the drug quantity had no effect on petitioner's sentence; but more importantly, for this claim, Booker does not apply retroactively. The Eighth Circuit Court of Appeals has stated that Booker "does not apply to criminal convictions that became final before the [case] was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam).  Petitioner's conviction became final on December 6, 2004, and Booker was decided on January 12, 2005.  Booker does not apply to this case; therefore, this claim fails.

D.  Eighth Amendment

Petitioner claims that because her trial counsel provided her with ineffective assistance, her sentence of 84 months imprisonment for a first time offender is cruel and unusual punishment, and in violation of the Eighth Amendment of the United States Constitution.  As discussed, the Court rejects the claims that petitioner's counsel was ineffective.  But even if the

7

representation had been ineffective, an 84-month sentence is constitutional.

The Eighth Amendment forbids only extreme sentences which are grossly disproportionate to the crime. United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003). The statutory mandatory minimum sentence petitioner would have received, but for her first time offender status, is ten years. See 21 U.S.C. § 841(b)(1)(A). Mandatory minimum sentences for drug offenses do not violate the Constitution's Eighth Amendment's prohibition against cruel and unusual punishment. Collins, 340 F.3d at 679. Given that a ten-year sentence for the same crime would have passed constitutional muster, petitioner's 84-month sentence does not offend the Eighth Amendment. Moreover, as a matter of law, sentences imposed pursuant to the Guidelines do not violate the Eighth Amendment. United States v. Foote, 920 F.2d 1395, 1401 (8th Cir. 1990), cert. denied, 500 U.S. 946 (1991). Accordingly, petitioner's claim must fail.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has therefore not made the "substantial showing of the denial of a

constitutional right" necessary for issuance of a COA.  28 U.S.C. § 2253(c)(2).

IV.   <u>Conclusion</u>

Based on the files, records, and proceedings herein, IT IS ORDERED that:

1.   Petitioner's motion for relief pursuant to § 2255 [Docket No. 1131] is denied.

2.   A Certificate of Appealability will not be issued in this matter.

Dated: February <u>1</u>, 2007

<pre>
                           s/ James M. Rosenbaum
                           JAMES M. ROSENBAUM
                           United States Chief District Judge
</pre>